UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHESTER THOMAS,

          Petitioner,

-vs-                                                             Case No. 8:08-cv-1232-T-17MAP

SECRETARY, DEPT. OF CORRECTIONS,

          Respondent.
_____/

## **ORDER**

Before this Court is a pro se petition for writ of habeas corpus filed by a Florida prisoner challenging his revocation of probation previously extended on four convictions for attempted sexual battery on a child under age twelve imposed in the Thirteenth Judicial Circuit, Hillsborough County, Florida in case no. 89-10729. A review of the record demonstrates that the petition must be denied.

Background

Thomas was charged in case no. 89-10729 with four counts of sexual battery on a child under the age of twelve. On January 8, 1990, Thomas pled guilty to the lesser offense of attempted sexual battery on a child with respect to each count. Pursuant to his plea terms, Thomas was placed on 15 years probation. Thomas would violation his probation several times, the last resulting in his current incarceration. On October 14, 2004, Thomas admitted violating his probation. Revoking his probation, the state court sentenced him to 17 years prison on each count. The sentences ran concurrently. Thomas did not appeal his plea-based revocation judgment, which became final 30 days later.

Over a year after his revocation judgment became final, Thomas filed a pro se motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which reflects such was delivered October 8, 2006, to prison officials for mailing. By final order rendered September 10, 2007, the postconviction court dismissed ground two without prejudice and summarily denied the remaining two grounds. Thomas appealed the summary denial, and the state district court on March 12, 2008, per curiam affirmed the summary rule 3.850 denial without written decision in case no. 2D07-4617. *Thomas v. State,* 979 So. 2d 232 (Fla. 2d DCA 2008)[table]. Following denial of rehearing, the mandate issued April 28, 2008.

## The Federal Petition

Thomas filed a pro se 28 U.S.C. § 2254 petition, which reflects the petition was delivered to prison officials for mailing on June 22, 2008. The petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on all habeas corpus petitions. Ordinarily, the one-year statute of limitations period for habeas petitions runs from the date on which the judgment became final by the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A).

The time during which a properly filed application for State post-conviction or other collateral review is pending shall not be counted toward any period of limitation under the AEDPA. See 28 U.S.C. § 2244(d)(2); *Wade v. Battle*, 379 F.3d 1254, 1259 (11th Cir. 2004). To be "properly filed," an application must meet the filing deadlines and time limitations on delivery. See *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000).

Thomas indicates he is only challenging the revocation of his probation. More than one year which was not tolled elapsed between the finality of Thomas' revocation judgment and the date on which he filed his federal habeas petition. His AEDPA limitations period for attacking

his revocation judgment began running on November 15, 2004 (a Monday), that is, upon expiration of the time for appealing his revocation judgment rendered October 14, 2004. *See McGee v. State*, 684 So. 2d 241 (Fla. 2d DCA 1996) (treating judgment and sentence upon entry of plea as final when time for filing appeal expired); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988)(same). By the time he constructively filed his rule 3.850 motion on October 8, 2006, more than a year elapsed which was not statutorily tolled. As a result, his collateral application had no tolling effect. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.)(per curiam)(state-court petition filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled) *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000).

The same untimeliness conclusion obtains with regard to Thomas' original plea-based judgment, which became final in 1990 upon expiration of the time for appeal, or his January 18, 2001, unappealed revocation judgment which also became final 30 days later. Because the AEDPA went into effect on April 24, 1996, petitioners with convictions such as Thomas' that became final before that date had until April 24, 1997, to file their petitions. *Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). Well over a year elapsed which was not tolled before he filed the instant federal petition. Thus, Thomas is precluded by the AEDPA's statute of limitations from bringing an attack on his original or his revocation judgment.[1]

---

[1] *E.g., Wright v. Florida*, 2008 U.S. Dist. LEXIS 37102 (M.D. Fla. May 6, 2008)(unpublished)(holding *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292-93 (11th Cir. 2007), in which Eleventh Circuit concluded one-year statute of limitations period runs from the date the conviction became final, regardless of when the petitioner's corrected sentence became final, did not control, since *Ferreira* involved a corrected sentence, not a probation revocation); *see also, Fields v. Ward*, 165 Fed. Appx. 644, 646 (10th Cir. Okla. 2006)(finding claims arising out of revocation hearing time-barred as well as those attacking original judgment) (unpublished).

The Supreme Court has never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 417, 125 S. Ct. 1807, 1815, 161 L. Ed. 2d 669 (2005)(because respondent assumed equitable tolling applied and because petitioner was not entitled to equitable tolling under any standard, Court assumed without deciding its application for purposes of case). The Eleventh Circuit has held Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)).

Thomas' case does not implicate any extraordinary circumstance beyond a petitioner's control which have made it impossible for him to file his petition for writ of habeas corpus in a timely manner. *See Helton v. Sec. for the Dept. of Corrs.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction."). Thomas does not allege any facts which, even if adduced, would show that, with due diligence, he was prevented from filing a timely federal petition. Here, the Court need not address whether the preclusive effect of the statute of limitations can be avoided by equity because Thomas' is not a case where extraordinary circumstances have prevented an otherwise diligent petitioner from timely filing his federal petition. Thomas does not allege any extraordinary circumstance that would have prevented his accomplishing a timely federal filing if he had been diligent. He unreasonably tarried before filing his 3.850 attack on his state judgment. In addition, he delayed unnecessarily after issuance of the mandate in his postconviction appeal before filing his federal petition in

this Court, and he does not present a sufficient basis upon which to conclude he used due diligence in pursuing his claims and seeking habeas corpus relief in a timely manner.

Thomas proclaims, in conclusory terms, his "factual innocence." (Doc. 1 at 14) A claim of actual innocence, however, does not support equitable tolling of the applicable limitation period. *See Taylor v. Secretary, Dept. of Corrections*, 230 Fed. Appx. 944 (11th Cir. 2007)("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because Taylor has failed to make a substantial showing of actual innocence.").

Even if, arguendo, a claim of actual innocence might support an equitable tolling of the limitation period, Thomas does not sufficiently state a claim of actual innocence. He asserts a claim of factual innocence, but he offers no new, reliable factual evidence which might otherwise support a claim of actual innocence. In the context of overcoming a procedural default, a claim of actual innocence must include credible evidence, that is, "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995); *House v. Bell*, 547 U.S. 518, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006). A petitioner claiming actual innocence has the burden to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt. *House*, 547 U.S. at 537. Assuming, without deciding, a claim of actual innocence could support equitable tolling, it is evident from even cursory review of Thomas' allegations he does not present a threshold actual innocence claim as contemplated in *Schlup* and *House*.

Thomas did not file a reply to Respondent's response to show cause why the petition should not be dismissed as time-barred.

## State Procedural Default Doctrine

Even if this Court addressed the claims in his federal petition, Thomas faces additional hurdles. A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). *See also, Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003)("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Duncan v. Henry,* 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995)("Exhaustion of state remedies requires that the state prisoner fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights").

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Under the procedural default doctrine, "if the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d at 1138. "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with

established state procedures." *Henderson v. Campbell*, 353 F.3d at 891 (quoting *Judd v. Haley*, 250 F.3d at 1313). Pre-AEDPA decisions from the Supreme Court establish the framework governing procedural default in federal habeas cases. A procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson v. Campbell*, 353 F.3d at 892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "'prejudice," the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). The petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000); *Henderson v. Campbell*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.3d at 892.

The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001)

(citing *Calderon v. Thompson*, 523 U.S. 538, 559, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998); Murray v. Carrier, 477 U.S. 478, 495-96, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986) (explaining a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). In addition, "'to be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining "given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted). The *Schlup* Court stated the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. *Schlup*, 513 U.S. at 324. This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F. 3d 106, 108 (5th Cir. 1995)(denying certificate of probable cause)(footnote omitted).

The Court will not presume that a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief which is essentially a summary dismissal. Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. *See Coleman v. Thompson*, 501 U.S. 722, 735-36, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Kight v. Singletary*, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); *Tower v. Phillips*,

7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## DISCUSSION

### Ground One

In ground one, Thomas asserts his probation was revoked without proper cause. To the extent he claims the facts did not suffice to permit revocation under Florida law, subject matter jurisdiction does not lie to address ground one. 28 U.S.C.§ 2254 explicitly requires a federal court to entertain an application for writ of habeas corpus only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187, 192 (1983)(citing *Engle v. Isaac,* 457 U.S. 1141, 73 L.Ed.2d 1361, 102 S.Ct. 3474 (1982); *Smith v. Phillips*, 455 U.S. 209, 71 L.Ed.2d 78, 102 S.Ct. 940 (1982). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

Moreover, ground one is procedurally barred in entirety because Thomas did not preserve and raise on direct appeal from his revocation judgment a federal constitutional claim concerning the revocation of his probation. He waived and defaulted any such federal claim by entering his unconditional admission to having violated his probation. Without specifically preserving the constitutional dimension of his ground and raising such on appeal, Thomas deprived the state courts of a "full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). This worked a procedural default under Florida law. *See Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir.)(claims

that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), *cert. denied*, 464 U.S. 922, 104 S. Ct. 290, 78 L. Ed. 2d 266 (1983)).

When he attempted to challenge the revocation in his rule 3.850 motion, the postconviction court expressly found his issue was one for direct appeal and thus was not cognizable under rule 3.850. Because the state appellate court affirmed per curiam without written opinion, the state decision is presumed to rest on the procedural bars. *See Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir. 1990)(where state trial court finds procedural default, state appellate court's silent affirmance is a finding of procedural default by the last state court to rule on the question); *see also, Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)(rejecting contention that court could make an independent review of whether state had correctly applied its procedural default rule). This Court will not presume a Florida court ignores its own procedural rules when it issues only a one-sentence denial of relief, which is essentially a summary dismissal. *See Coleman*, 501 U.S. at 735-36, 111 S. Ct. 2546; *Kight,* 50 F.3d at 1544-1545; *Tower*, 7 F.3d at 209. The applicable state procedural bar is independent and adequate to warrant preclusion of federal review of ground one.

Any allegation of cause is now procedurally barred by the two-year limitation of Rule 3.850, *see Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.)(recognizing and applying two-year bar of rule 3.850), *cert. denied*, 498 U.S. 834, 111 S. Ct. 102, 112 L. Ed. 2d 73 (1990); and the state's successive petition doctrine. *E.g., Foster v. State*, 614 So. 2d 455, 458 (Fla. 1992); *Zeigler v. State*, 632 So. 2d 48, 51 (Fla. 1993). *See Bolender v. Singletary*, 60 F.3d 727, 729 (11th Cir. 1995)(applying procedural bar of successive petition doctrine). Even if, arguendo, he could show valid cause, Thomas cannot avoid his default, as he does not allege and meet

the prejudice component of *Wainwright v. Sykes*. Moreover, he does not qualify for the fundamental miscarriage of justice exception. He has no new and reliable evidence of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321-22, 130 L. Ed. 2d 808, 115 S. Ct. 851 (1995). Accordingly, Thomas is not entitled to federal review of his defaulted ground one.

Ground Two

in ground two, Thomas contends his counsel at the violation proceeding rendered ineffective assistance by not impeaching Dr. Shah. The thrust of this ground is his counsel was remiss for not presenting facts to show Thomas was on a high dosage of medication and unable to answer the door when the probation officer came to his residence. Ground two is waived and procedurally barred because Thomas did not avail himself of the opportunity the postconviction court afforded him to refile a facially sufficient claim within 30 days under state postconviction procedural rules. *See Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007)("When a defendant's initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule's or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion. . . . . [W]e hold that the proper procedure is to strike the motion with leave to amend within a reasonable period." The procedural ruling in Thomas' case was affirmed per curiam without written decision. The decision rests on independent and adequate grounds barring federal habeas corpus review of Thomas' ground. He does not make the required showing to excuse his default.

Even if, arguendo, ground two is addressed to the extent alleged in his rule 3.850 motion as a substantive claim of ineffective assistance of counsel, the adverse result thereon which was appealed, the posture of this claim does not improve. Thomas claims ineffective assistance

-12-

of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc)(quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). A petitioner must satisfy a two-part test: (1) he must show counsel's performance was deficient, falling "below an objective standard of reasonableness, and (2) there is a reasonable probability that the outcome would have been different but for counsel's unprofessional errors. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

There is a strong presumption that counsel provided reasonable assistance, and the petitioner bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* at 689, 104 S.Ct. at 2065. Thus, "for a petitioner to show that the conduct was unreasonable, he must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000)(en banc), *cert. denied*, 531 U.S. 1204, 121 S.Ct. 1217 (2001). Courts must avoid using hindsight and must endeavor to evaluate the reasonableness of counsel's performance from counsel's perspective at the time. *Chandler,* 218 F.3d at 1316 (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065).

The prejudice prong in the plea context requires a showing that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *See Hill v.Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Strickland counsels that if a defendant fails to make a proper showing under one of the prongs, the court need not consider the other prong. *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052.

It is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. He must show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. *Bell v. Cone,* 535 U.S. 685, 699, 122 S. Ct. 1843, 1852, 152 L. Ed. 2d 914 (2002).

According to Thomas, he did not answer his door when the probation officer knocked because he was taking a high dosage of medication, ostensibly to suggest the circumstances fell short of a willful and substantial violation of his probation. In denying his rule 3.850 ground summarily, the postconviction court applied the Strickland/Hill standard and observed there was no testimony to impeach as Thomas admitted the violation. Further, he failed to allege he would not have admitted the violation but for the proposed omission of counsel.

Summary rejection of Thomas' allegations on grounds of facial insufficiency constitutes an objectively reasonable application of either prong of *Strickland.* Mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue. *See Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)(general allegation of ineffective assistance of counsel is insufficient; petitioner must allege specific facts establishing both unreasonable-representation and prejudice prongs of ineffective assistance standard); *see also Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993) (defendant bears the burden of proof on both prongs of the *Strickland* test). Furthermore, Thomas is not entitled to a probe into counsel's performance because Thomas' allegations do not suffice to overcome the strong presumption his counsel's decisions regarding the circumstances surrounding the charged probation violation were in the exercise of reasonable professional judgment. *See Strickland*, 466 U.S. at 690, 104 S.Ct. 2052; *see also Williams v. Head*, 185 F.3d 1223, 1228 (11th Cir. 1999)(an ambiguous or silent record is not sufficient to

disprove the strong and continuing presumption of effective representation with regard to counsel's performance).

In Florida, a trial court enjoys broad discretion in determining whether probation should be revoked. *See Russell v. State*, 982 So. 2d 642, 646 (Fla. 2008)(internal citation omitted). The State need only establish by greater weight of the evidence that the violation occurred. The determination of whether community control probation should be revoked is fact specific in that "[t]rial courts must consider each violation on a case-by-case basis for a determination of whether, under the facts and circumstances, a particular violation is willful and substantial and is supported by the greater weight of the evidence." *See Russell v. State*, 982 So. 2d 642, 646 (Fla. 2008)(citing *State v. Carter*, 835 So. 2d 259, 261 (Fla. 2002). Willfulness may be proven by circumstantial evidence. *Francois v. State*, 923 So. 2d 1219, 1220 (Fla. 3rd DCA 2006); *Hanania v. State*, 855 So. 2d 92, 94 (Fla. 2d DCA 2003).

Thomas does not identify with particularity the medication he was on and does not plead facts showing, even if adduced, the doctor would have been prepared to testify at the violation hearing that Thomas would been rendered incapable of going to his door while under the prescribed medication. It must be remembered Thomas brought his claim of omission of counsel in the context of a revocation proceeding, where the State's burden of proof differs from that in a jury trial in Florida. *See e.g., Cason v. State*, 623 So. 2d 824, 825 (Fla. 2d DCA 1993)(to justify revocation, court must be satisfied violation was willful and substantial and was supported by the greater weight of the evidence). Thomas does not plead facts showing no reasonably competent attorney could have declined to promote that Thomas was incapacitated by any prescribed medication. Moreover, at least one reasonably competent attorney could

conclude any self-serving claim on the part of Thomas in such regard would not have precluded a finding of willful and substantial violation had occurred.

Furthermore, Thomas has not shown prejudice. Even if his counsel had confronted the doctor as proposed, Thomas cannot show the state court was obliged to conclude he was not in willful and material violation of the terms of his supervision. This claim is speculative on Thomas' part. Even if, arguendo, the silent affirmance is viewed as an adjudication on the merits of his claim of ineffectiveness of counsel rather than on the procedural ruling of the postconviction court, nonetheless, this assumption will not assist Thomas. Under such alternative construct, the state district court by its affirmance would answer the underlying state law question of whether the proposed allegations were facially sufficient under state law, as well as whether his allegations regarding his underlying state law claim were facially sufficient to show his violation was not willful and substantial under Florida law.

Although whether trial counsel was constitutionally ineffective is a question of federal law, when the answer to the question turns on whether counsel should have raised issues of state law, § 2254(d) requires the federal court defer to the state court's decision regarding its own laws. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984) (superceded by statute on other grounds). Federal courts must abide by the state courts' rulings on matters of state law. *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S. Ct. 1881, 1886, 44 L. Ed. 2d 508 (1975) (citations and footnote omitted). It is a fundamental principle state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters. *See Herring v. Secretary, Dept. of Corrections*, 397 F.3d 1338, 1354-55 (11th Cir. 2005)(citing *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997) (citations omitted).

Given that Thomas did not allege objective facts showing, if adduced, he would not have entered his admission to the violation, it is objectively reasonable to conclude there was no reasonable probability he would not have admitted the violation had his counsel performed as proposed. The state decision resulted in a reasonable application of *Strickland* under either prong. Thomas is not entitled to relief.

Ground Three

In ground three, Thomas claims Section 944.28, Florida Statutes (1990) was applied in his case in violation of the state's constitution. In his supporting facts, he claims he was entitled to an award of credit for time served while on probation under state law in effect at the time of his offense. Subject matter jurisdiction does not lie to address his ground which is formed on state law arguments. Issues which present nothing more than issues of pure state law are wholly immune from federal habeas review. *See Jamerson v. Sec. for Dep't of Corrs.*, 410 F.3d 682, 688 (11th Cir. 2005) ("Federal habeas relief is unavailable for errors of state law.") (quotation omitted). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

In his rule 3.850 attack, Thomas claimed there was a forfeiture of gain time. The postconviction court found his allegation was not cognizable in a rule 3.850 motion because any entitlement to relief should be obtained through administrative channels and if necessary, a mandamus petition naming the Department as a respondent. The ground appears unexhausted; nonetheless, the AEDPA clearly provides an unexhausted claim can be denied on the merits to avoid further litigation for the sake of efficiency. 28 U.S.C. § 2254(b)(2). Section 944.29(1), has nothing to do with credit for time served on probation. Section 944.28(1)

authorizes the Department to forfeit all gain time upon revocation of probation on sentences for offenses committed on or after October 1, 1989. *See Eldridge v. Moore,* 760 So. 2d 88 (Fla. 2000). Thomas was not incarcerated on the crimes for which he stands convicted in case no. 89-10729 prior to his probation revocation in said case. Thus, there was no gain time to forfeit. Furthermore, whether or not he was entitled to an award of time served while on judicial supervision is solely a state law issue for which federal habeas corpus relief does not lie. Respondent maintains this ground can be denied because such does not present a federal question.

## Ground Four

In ground four, Thomas claims, in conclusory fashion, the state decision resulted in an unreasonable determination of the facts. He does not identify with specificity the state court ruling he assails. To the extent he refers to the affirmance of the summary denial of each of his rule 3.850 grounds, he does not show such resulted in an unreasonable application of federal law as clearly established by the Supreme Court or an unreasonable determination of the facts in light of the evidence.

Finally, Thomas had ample opportunity to preserve his factual assertions and raise such on direct appeal and/or in his rule 3.850 motion, and/or in his rule 3.850 motion and then on collateral appeal, as appropriate, and his failure to do so is attributable to his own lack of diligence. Thomas is now barred by 28 U.S.C. § 2254(e)(2) from seeking evidentiary development on any allegation not timely alleged and pursued in state court.[2]    Even if,

---

[2] Moreover, any new factual assertions undergirding his claims are now procedurally barred because such were not preserved and raised on direct appeal. Further and alternatively, such are foreclosed by rule 3.850's two-year time limit and the state's successive petition doctrine. If a petitioner asserts new allegations of ineffective assistance of counsel that were not timely and properly raised in state court, they may not be considered by this Court. *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992); *Jackson v. Herring*,

arguendo, § 2254(e)(2) does not preclude a federal evidentiary hearing, Thomas nonetheless is not automatically entitled to a hearing. In order to obtain an evidentiary hearing, the petitioner must demonstrate he would be entitled to habeas relief on his claim if his factual allegations are proven. *See Breedlove v. Moore*, 279 F.3d 952, 960 (11th Cir. 2002). In Thomas' case, he is not entitled to federal relief on any of his grounds. His factual allegations, even if proven, would not establish that the state courts acted contrary to, or unreasonably applied, clearly established federal law as determined by the Supreme Court at the time.

Accordingly, the Court orders:

That Thomas' petition is denied. The Clerk is directed to enter judgment against Thomas and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, '" *Miller-El v. Cockrell*, 537 U.S.

---

42 F.3d 1350, 1355 (11th Cir. 1995).

322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 18, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Chester Thomas